# EXHIBIT B

## (Class Action Settlement Agreement)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SHAWN RIGNEY and KYLE ADAMS,**
**Individually and on behalf of all others**
**similarly situated,**

       **Plaintiffs,**

**v.**                                                                 **Case No.: 8:19-cv-01432**

**TARGET CORPORATION,**

       **Defendant.**
_____/

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Named Plaintiffs, Shawn Rigney and Kyle Adams ("Plaintiffs"), individually and on behalf of the Settlement Class defined below, and Defendant, Target Corporation ("Target" or "Defendant") (collectively, the "Parties"), enter into this Class Action Settlement Agreement and Release ("Agreement") to resolve all claims in this action, subject to the approval of the Court.

**I.**    **Recitals.**

1.    Plaintiffs initiated this action by filing a Complaint in state court on May 15, 2019, which Defendant removed on June 13, 2019. Plaintiffs filed an Amended Complaint on November 29, 2019. In both the original Complaint and Amended Complaint, Plaintiffs asserted claims on behalf of themselves and a putative class against Defendant under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), alleging that Defendant violated the notice requirements of COBRA.  Plaintiffs sought statutory penalties pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. §2575.502c-1 on behalf of  themselves and the putative class.

2.      On December 18, 2019, Target filed a motion to dismiss the Amended Complaint on numerous grounds, including that the Amended Complaint failed to state a legally cognizable claim that the COBRA notice sent on its behalf did not substantially comply with applicable law and regulations, that Plaintiffs lacked Article III standing to bring their claims, and that Plaintiffs failed to join an indispensable party, COBRA administrator Alight Solutions, Inc. As of the date of the Parties' agreement to settle this Action, the motion was fully briefed and still pending before the court.

3.      The Parties participated in two full-day mediations, one on October 8, 2019, conducted by mediator Hunter R. Hughes, and another on May 21, 2020, conducted by mediator R. Wayne Thorpe. During the May 21, 2020 mediation, the Parties reached an agreement in principle which was memorialized in a term sheet. Pursuant to their agreement, the Parties now enter into this Class Action Settlement Agreement and Release, which memorializes in full the terms of the Parties' amicable resolution of this case.

4.      Defendant expressly denies that it has engaged in any wrongdoing and denies that the COBRA notice at issue is deficient. By entering into this Agreement, Defendant does not admit, nor concede any fault or liability in connection with any facts or claims that have been or could have been alleged against it in this action. Defendant denies that it has any liability whatsoever to Plaintiffs or any members of the Settlement Class. Defendant has entered into this Agreement solely to purchase peace and in recognition of the substantial expense and burden of continued litigation, the substantial period of time required to arrive at a judicial resolution of the issues presented, and the concomitant inconvenience, distraction, and disruption to its business operations.

5.      Plaintiffs' counsel, who have substantial experience representing class representatives and prosecuting class actions, have investigated the law and facts relating to the claims asserted in the operative Amended Complaint.  Based on their experience in representing

class representatives and litigating class action cases, Plaintiffs' counsel has concluded that this Settlement is fair and reasonable and in the best interests of the Settlement Class.  Plaintiffs' counsel has given due consideration to the benefits of amicably resolving this case as described herein and the risks and delays associated with further litigation.

6.      Subject to the approval of the Court, the Parties propose to settle this Action on the terms set forth this Agreement.

**II.      <u>Definitions.</u>**

As used in this Agreement, capitalized terms and phrases not otherwise defined have the meanings provided below:

6.      <u>Action or Lawsuit:</u> the above-captioned action, *Rigney, et al. v. Target Corporation,* Case No. 8:19-cv-01432, United States District Court, Middle District of Florida, Tampa Division.

7.      <u>Agreement or Settlement or Settlement Agreement:</u> this Class Action Settlement Agreement and Release.

8.      <u>Class Counsel:</u> Wenzel Fenton Cabassa, P.A. and Chad Justice of Justice for Justice, P.A.

9.      <u>Class Notice Date:</u> the date that Notices of Settlement are initially mailed to Settlement Class Members.

10.      <u>Class Period for the Class:</u>  the period of time from May 1, 2015 to May 31, 2019.

11.      <u>Class Representatives or Plaintiffs:</u>  Shawn Rigney and Kyle Adams.

12.      <u>COBRA:</u> the Consolidated Omnibus Budget Reconciliation Act of 1985, including all regulations promulgated and applicable case law thereunder.

13.      <u>COBRA Coverage:</u> continuing health and welfare insurance coverage provided under COBRA.

14.     <u>COBRA Notice:</u> the notice regarding the right to elect COBRA Coverage provided by or on behalf of Defendant to the Settlement Class (as defined below) in the form at issue in the Action.

15.     <u>Court:</u> the U.S. District Court for the Middle District of Florida, Tampa Division.

16.     <u>Deadline to Opt Out or Object:</u> the date the Court establishes as the deadline by which Settlement Class Members must postmark a written notice of their intent to opt out of the Settlement and by which any objections to the Settlement must be filed with the Court. Settlement Class Members shall have sixty (60) days after the Notice of Settlement is mailed to opt out of or object to the Settlement.

17.     <u>Defendant:</u> The named defendant in this lawsuit, Target Corporation.

18.     <u>Effective Date:</u> means the first day after the first date on which all of the following have occurred: a) all Parties have executed this Agreement; b) the Court has preliminarily approved this Agreement; c) reasonable notice has been given to the Settlement Class Members, including providing them an opportunity to opt out, or object to  the Settlement; d) the Court has held the Final Approval Hearing, entered the Final Order approving the Settlement and dismissing the Action with prejudice; and e) only if (i) there are written objections filed before the Final Approval Hearing and those objections are not withdrawn or overruled; (ii) Class Counsel appeals the Court's decision on attorneys' fees and costs; or (iii) the Plaintiffs appeal the Court's decision on incentive awards, then the last of the following events to occur:

<u>First,</u> if no appeal of the Final Order is filed by a timely objector, then the date on which objector's time to appeal the Final Order has expired with no appeal;

<u>Second,</u> if an appeal of the Final Order is filed by a timely objector, or if Class Counsel appeals the Court's award of attorneys' fees and costs, or if Plaintiffs appeal the Court's award of incentive awards, then after the Final Order or the order awarding attorneys' fees or the incentive awards is affirmed by the appellate court, the date on which all applicable deadlines for filing any motions for rehearing or further appeal have expired without any such motion or further notice of appeal

having been filed or any such motion for further appeal has been resolved with no possibility of subsequent appeal.

If there are no objections filed, if Class Counsel does not appeal the Court's decision on attorneys' fees and costs, and if Plaintiffs do not appeal the Court's decision on incentive awards, then the Effective Date will be the date that is ten (10) days after entry of the Final Order provided that date is not a Saturday, Sunday or federal holiday in which event the Effective Date will be the next business day.

19.     Final Approval Hearing: the hearing to be conducted by the Court, following the Court's preliminary approval of this Settlement, dissemination  of the Notice of Settlement to the Settlement Class distributed by the Settlement Administrator, and required notices under the Class Action Fairness Act ("CAFA") distributed by the Settlement Administrator, at which time Plaintiffs will request (and Defendant will not oppose) the Court to finally approve the  fairness, reasonableness and adequacy of the terms of this Settlement and to enter a Final Order.

20.     Final Approval Motion: Plaintiffs' unopposed motion seeking final approval of this Settlement.

21.     Final Order: the Court's final judgment and order of dismissal finally approving this Settlement on the terms provided herein, or as the same may be modified by subsequent written mutual agreement of the Parties, and dismissing the Action with prejudice. The Parties agree they will request the Court to retain jurisdiction to enforce the Settlement Agreement.

22.     Gross Settlement: the total amount that Defendant shall pay to the Settlement Class in settlement of this Action pursuant to this Agreement, equal to One Million Six Hundred Thousand Dollars and No Cents ($1,600,000.00).

23.     Net Settlement Proceeds: the amount of money remaining after the Gross Settlement is reduced by the following amounts, none of which Defendant opposes:

      a.    any service award to the Named Plaintiffs that the Court approves up to $10,000 each;

      b.    any award of Class Counsel attorneys' fees up to 33.33% of the total Gross Settlement, plus costs;  and,

      c.    Court-approved costs of the settlement administration process.

24.    <u>Notice of Settlement:</u> the notice of the Settlement, in both short and long forms, approved by the Court in its Preliminary Approval Order, which shall be sent to the Settlement Class Members by U.S. Mail.

25.    <u>Parties:</u> Plaintiffs, on behalf of themselves and as Class Representatives, and Defendant Target Corporation.

26.    <u>Preliminary Approval Motion:</u> Plaintiffs' unopposed motion seeking preliminary approval of this Settlement Agreement.

27.    <u>Preliminary Approval Order:</u> the Court's order preliminarily approving this Settlement Agreement.

28.    <u>Released Parties:</u>  (i) Defendant; (ii) Defendant's third party COBRA administrator, Alight Solutions; (iii) Defendant's third party health care provider; (iv) any entity that was involved in any way with the COBRA Notice as defined herein, including any of Defendant's group health plans; and (v) each of the foregoing's  affiliates, parent companies, subsidiaries, predecessors, successors, corporate family members, officers, directors, partners, employees, attorneys, agents, insurers, shareholders, representatives, trustees, principals, fiduciaries, advisors, administrators, plan sponsors, plan committees, and assigns, and anyone acting on their behalf.

29.    <u>Settlement Class:</u> the class certified pursuant to Fed. R. Civ. P. 23 for settlement purposes only, consisting of approximately 92,000 participants or beneficiaries in the Target Corporation Employee Umbrella Welfare Benefit Plan who were sent a required COBRA Notice by or on behalf of Defendant at any time during the Class Period described herein as a result of a

qualifying event, as determined by Defendant's records, who did not elect continuation of coverage, excluding any individuals who timely file a valid written notice of intent to opt out of the Settlement.

30. Settlement Class Members: any individual who is a member of the Settlement Class. A list of the names of each Settlement Class Member and the address to which a COBRA Notice was sent shall be provided by Defendant or by Defendant's COBRA administrator, along with, to the extent available, an email address for each Settlement Class Member, to the Settlement Administrator within twenty-one (21) days after issuance of the Preliminary Approval Order.

31. Settlement Account: the account that is established by the Settlement Administrator for purposes of administering monetary relief under this Agreement.

32. Settlement Administrator: American Legal Claims Services, LLC, a third-party settlement administrator selected and retained by Class Counsel for purposes of administering the Settlement and mailing the Notice of Settlement and Settlement Payments to Settlement Class Members. Defendant and any Released Party shall have no liability whatsoever for the actions of the Settlement Administrator, the Settlement Payments, the allocation of Settlement Payments to each Class Member, and/or the distribution of Settlement Payments to each Class Member.

33. Settlement Fund Payor: The named defendant in this lawsuit, Defendant Target Corporation.

34. Settlement Payment: an equal portion of the Net Settlement Proceeds that each Settlement Class Member shall be entitled to receive, payable by check from the Settlement Administrator, pursuant to this Agreement.

35. Term Sheet:  the term sheet executed by the Parties on May 21, 2020.

**III.   Monetary Benefits to the Settlement Class.**

36.    <u>Settlement Account.</u> Within ten (10) days of the Effective Date, the Settlement Administrator shall establish a Settlement Account for purposes of administering monetary relief under this Agreement, and shall provide Class Counsel and Defendant's counsel with any information relating to the Settlement Account that is reasonably necessary for the Settlement Fund Payor to fund the Settlement Account in accordance with this Agreement, including but not limited to a properly executed Form W-9.

37.    <u>Funding of Settlement Account.</u> Within ten (10) days of the Effective Date, Defendant shall deposit a sum total of One Million Six Hundred Thousand Dollars and No Cents ($1,600,000.00) into the Settlement Account, which shall establish the Gross Settlement and be used by the Settlement Administrator to pay Settlement Class Members and to pay any amounts approved by the Court for Plaintiffs' attorneys' fees and costs, expenses of settlement administration, and any class representative service awards. Payment of this sum shall be the sole, total, and only payment obligation of the Defendant or any Released Party to the Settlement Class in the Settlement of this Action.

38.    <u>Settlement Payments.</u> The Net Settlement Proceeds, *i.e.,* the amount remaining in the Settlement Account after deduction of any and all amounts approved by the Court for Plaintiffs' attorneys' fees and costs, and expenses of settlement administration, and any class representative service awards, shall be distributed to Settlement Class Members on a pro rata basis in the form of individual settlement checks. Each Settlement Class Member will receive an equal pro rata portion of the Net Settlement Proceeds. The pro rata portion distributed to each Settlement Class Member shall be solely determined by Class Counsel and the Settlement Administrator. Defendant and any Released Party shall not have any liability as to the Settlement Payments, the allocation of

Settlement Payments to each Class Member, and/or the distribution of Settlement Payments to each Class Member.

39.   <u>Manner of Distribution.</u> The Settlement Administrator shall send the Settlement Payments to Settlement Class Members by U.S. Mail within thirty (30) days after Defendant has funded the Settlement Account. For purposes of this mailing, the Settlement Administrator shall use the address information that Defendant provides for each Settlement Class Member in accordance with this Agreement, subject to appropriate updating of addresses by cross-referencing the National Change of Address Database. If any Settlement Payment is returned by the U.S. Postal Service with a forwarding address before the check's expiration date, the Settlement Administrator will promptly re-mail the check to the forwarding address. If the Settlement Payment is returned without a forwarding address, the Settlement Administrator shall make reasonable efforts to obtain a current address for the pertinent Settlement Class Member, and the Settlement Administrator shall re-mail the check if a current address is obtained before the check's expiration date.

40.   <u>Deadline for Cashing Checks.</u> Each Settlement Class Member shall have sixty (60) Days from the date which appears on the face of check issued to him/her to negotiate his/her settlement check. If any funds remain in the Settlement Account after the 60-day deadline for Settlement Class Members to negotiate their settlement checks as a result of uncashed or undeliverable checks, the Settlement Administrator shall retain such funds in the Settlement Account for a period of ten (10) days to allow for the processing and payment of any checks that may still be in the bank's check clearing process. Thereafter, the Settlement Administrator shall close out the Settlement Account by issuing a check for any remaining balance as a *cy pres* award to be paid to Bay Area Legal Services.

41.    Payments Not Considered Wages. The Parties agree that the Settlement Payments are not wages and shall not be treated as such for tax purposes. The Settlement Administrator shall arrange for the preparation and filing of any tax reports, forms, and returns required to be filed, prepared or disseminated by the Settlement Account, and will send Class Counsel copies of any such filings and receipts of payment in a timely manner. Neither the Parties nor their respective counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Settlement Account.

**IV.    Attorneys' Fees and Expenses; Costs of Administration.**

42.    Unopposed Motion for Attorneys' Fees and Expenses. At least ten (10) days prior to the Final Approval Hearing, Plaintiffs will seek an order from the Court awarding Class Counsel their reasonable attorneys' fees in the sum total of Thirty-Three  and  One-Third Percent (33.33%) of the Gross Settlement and, in addition, out-of-pocket expenses incurred in this Action, which, upon approval, will be paid from the Settlement Account.  Defendant agrees that it will not oppose Plaintiffs' application for attorneys' fees and costs, up to 33.33% of the Gross Settlement, plus costs.  The cost of notice for administration shall be paid out of the Gross Settlement and will also reduce the Settlement Class Members' claims proportionally to the cost.  The award of reasonable attorneys' fees and costs will be at the sole discretion of the Court. The procedure for and the allowance or disallowance of any application for reasonable fees and expenses are matters separate and apart from the Settlement. Any order or proceeding relating to reasonable fees and expenses, or any appeal from any order relating thereto, or any reversal or modification thereof, shall have no effect on the Settlement and shall not operate to, or be grounds to, terminate or cancel the Agreement or to affect or delay the finality of the Final Order.

43.     <u>Payment of Approved Attorneys' Fees and Expenses.</u> Within ten (10) days of the Settlement Account being funded, the Settlement Administrator shall pay attorneys' fees and expenses to Class Counsel, pursuant to the terms of the Court order granting such award, by wire transfer or check from the Settlement Account as directed by Class Counsel to the trust account of Wenzel Fenton Cabassa, P.A.

44.     <u>Cost of Administration</u>. The Parties agree that all costs of administration shall be paid out of the Gross Settlement and not separately by Defendant nor by Plaintiffs' counsel.

**V.     Service Awards.**

45.     <u>Service Award.</u> At the same time that Plaintiffs and Class Counsel file a Motion for Attorneys' Fees and Expenses, they may seek approval of a class representative service award of ten thousand dollars ($10,000.00) each for Named Plaintiffs Shawn Rigney and Kyle Adams. In the event Plaintiffs' request for a service award is approved by the Court, the Settlement Administrator shall issue a check from the Settlement Account made payable to Plaintiffs at the same time that Class Counsel's attorneys' fees and expenses are paid.  Defendant agrees not to oppose a request for the service award for Plaintiffs, as awarded by the Court.  Plaintiffs and Class Counsel agree not to seek a service award in excess of the above amount. Any Service Award will be at the discretion of the Court. The procedure for and the allowance or disallowance of any service awards are matters separate and apart from the Settlement. Any order or proceeding relating to service awards, or any appeal from any order relating thereto, or any reversal or modification thereof, shall have no effect on the Settlement and shall not operate to, or be grounds to, terminate or cancel the Agreement or to affect or delay the finality of the Final Order.

**VI.     Release of Claims.**

46.     <u>Plaintiffs and Class Release.</u> On the Effective Date, and in consideration of the benefits provided by this Agreement, the sufficiency of which has been determined by the Court and is hereby acknowledged by the Parties, Plaintiffs, all Settlement Class Members, and each and all of the foregoing's attorneys, agents, spouses, children, beneficiaries, heirs, assigns, and dependents, who have <u>not</u> opted out of the Settlement Class shall fully and forever release, waive, acquit, and discharge Defendant, and each of the Released Parties from any and all claims arising out of the facts alleged in the operative Amended Complaint filed in the Action, including but not limited to any and all claims related to any COBRA Notice provided by or on behalf of Defendant or the Released Parties that have been asserted or could have been asserted in this Action.  No individual claims by Settlement Class Members for benefits under ERISA are subject to this waiver.

47.     <u>Reservation of Rights</u>. Nothing in this Agreement shall affect, modify, inhibit, or restrict Target's rights to pursue against any Released Party any claim relating to, arising from, or associated with this Action. Target reserves the right to pursue against any Released Party any claim relating to, arising from, or associated with this Action.

**VII.    <u>Notice and Right to Opt Out or Object.</u>**

48.     <u>Notice to Settlement Class Members.</u> The Settlement Administrator shall utilize the Court-approved short and long form of the Notice of Settlement, which forms will be the only ones utilized by the Administrator. Within ten (10) business days after Court-approval of the format and contents of the short and long form of the Notice of Settlement, the Settlement Administrator shall provide both Notices of Settlement to Class Counsel and Defendant's counsel. Within twenty (20) days of approval from the Parties, the Settlement Administrator will send the short form Notice of Settlement to all Settlement Class Members via first-class U.S. Mail, postage prepaid in the

approved form of envelope, if applicable. The Settlement Administrator shall also make the long form of Notice of Settlement available on its website, along with a list of other pertinent documents, at the time when the short form Notice of Settlement is mailed to the Settlement Class Members.

49.     Manner of Distributing Notice. For purposes of distributing the short form Notice of Settlement, the Settlement Administrator shall use the address information that Defendant or Defendant's COBRA administrator provides for each Settlement Class Member in accordance with this Agreement, subject to appropriate updating by the Settlement Administrator or Class Counsel of addresses by cross-referencing the National Change of Address Database. If any Notice of Settlement is returned by the U.S. Postal Service with a forwarding address, the Settlement Administrator will promptly re-mail the Notice to the forwarding address provided. If the Notice of Settlement is returned without a forwarding address, the Settlement Administrator shall make reasonable efforts to obtain a valid address for the pertinent Settlement Class Member, and mail the Notice to the updated address.

50.     Settlement Telephone Number and Talking Points. Effective on the Class Notice Date, and through the expiration of the period for cashing checks, the Settlement Administrator shall establish a toll-free telephone number with an interactive voice response ("IVR") system that Settlement Class Members may call to obtain further information about the Settlement.

51.     Settlement Website. Effective on the Class Notice Date, or as soon as thereafter practicable, and through the expiration of the period for cashing checks, the Settlement Administrator shall establish an active website from which Settlement Class Members can download relevant forms such as the operative Amended Complaint, the Notice of Settlement, the Term Sheet, the Settlement Agreement, and ECF-filed *(i.e.,* publicly-available) copies of the

pleadings in support of approval of the Settlement, Plaintiffs' motion for attorneys' fees and expenses, Plaintiffs' motion for class representative service award, papers reflecting costs of administration, and the long form of Notice of Settlement.

52.     Right to Opt Out. Settlement Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the Settlement ("opt-out request"), postmarked no later than the Deadline to Opt Out or Object. Such opt-out request must state the case name and number, contain the name, address, telephone number,  and email address of the Settlement Class Member requesting exclusion, and be personally signed by that Settlement Class Member. The opt-out request must be sent by U.S. Mail to the Settlement Administrator (at the address provided in the Notice of Settlement), and must be timely postmarked on or before the Deadline to Opt Out or Object. The Settlement Administrator shall provide the Parties' Counsel (as specified below) with copies of all opt-out requests within five (5) business days after the Deadline to Opt Out or Object. Any Settlement Class Member who timely requests exclusion from the Settlement will not be entitled to any Settlement Payment and will not be bound by this Settlement or have any right to object, appeal or comment thereon. No opt-out request may be made on behalf of a group of Settlement Class Members.

53.     Objections. Any Settlement Class Member who wishes to object to the Settlement must file a timely  written statement  of objection with the Clerk of Court,  and mail a copy of that objection with the requisite postmark to the Settlement Administrator (at the address provided in the Notice of Settlement) no later than the Deadline to Opt Out or Object. The Settlement Administrator shall provide the Parties' Counsel (as specified below) with copies of all objections within five (5) business days after the Deadline to Opt Out or Object. The statement of objection must state the case name and number; specify the basis for the objection; provide the name,

address, telephone number, and email address of the Settlement Class Member making the objection; and indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel. In addition, any statement of objection must be personally signed by the Settlement Class Member and, if represented by counsel, then also by counsel. Any Settlement Class Member who fails to timely object to the Settlement in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement.

**VIII.** **Settlement Approval.**

54.     The Parties agree to collaborate in good faith in the preparation and finalization of the Preliminary Approval Motion. The Preliminary Approval Motion will request that the Court (a) enter an agreed-upon Preliminary Approval Order; (b) certify the Settlement Class for Settlement purposes; (c) appoint Plaintiffs as the named Class Representatives and Plaintiffs' counsel as Class Counsel for Settlement purposes; (d) authorize distribution of the Notice of Settlement to the Settlement Class Members; (e) set a Deadline to Opt Out or Object; and (f) set a date for a Final Approval Hearing, not to occur until at least one hundred and twenty (120) days after the Court's Preliminary Approval Order.

55.     CAFA Notices. The Settlement Administrator shall submit the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, to the applicable state and federal officials within ten (10) days of the filing of the Preliminary Approval Motion.

56.     Final Approval Motion. At least ten (10) days before the Final Approval Hearing, or on the date set by the Court (if different), Plaintiffs shall file the unopposed Final Approval Motion. Plaintiffs' counsel shall take the lead on preparing a draft of the Final Approval Motion and Final Order and will send drafts of both the Final Approval Motion and Final Order for

Defendant's input and edits seven (7) days before the Final Approval Motion is due. The Parties agree to collaborate in good faith in the preparation and finalization of the Final Approval Motion and Final Order.  Prior to finalizing the Final Approval Motion, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a report listing the names and addresses of all Settlement Class Members to whom the Settlement Administrator mailed a Notice of Settlement, and indicating which Settlement Class Members submitted a timely opt out request, if any, and which Settlement Class Members submitted a timely objection, if any (as well as copies of any such opt-outs or objections).

57.     <u>Class Certification for Settlement Purposes Only</u>.   The Parties' Settlement is contingent upon the Court's certification of the Settlement Class for settlement purposes only. The Parties agree to stipulate to certification of the Action as a class action, and the Settlement Class as a class, for settlement purposes only. If the Settlement does not become final, then no Settlement Class will be deemed to have been certified by or as a result of this Agreement, and the Action will for all purposes revert to its status as of the day immediately prior to the date on which the Term Sheet with executed. Defendant reserves the right to contest class certification if the Settlement Class is not certified or if the Settlement is not approved.

58.     <u>Right to Terminate Settlement.</u> The Parties shall each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so within ten (10) business days after any of the following have occurred: (a) the Court's refusal to certify the Settlement Class as defined herein; (b) the Court's refusal to grant preliminary approval of the Settlement after the Parties have attempted to re-submit the Preliminary Approval Motion at least one time addressing any issues raised by the Court as to the first Preliminary Approval Motion and/or Settlement Agreement; (c) the Court's refusal to grant final approval of the Settlement (or

if the Final Order agreed to by the Parties is materially modified in a manner unacceptable to either Party); or (d) only if any objection(s) are timely made, and, as a result of said objection, the date upon which the Final Order is reversed, or if the Final Order is materially modified in a manner unacceptable to either Party  by the U.S. Court of Appeals for the Eleventh Circuit or the U.S. Supreme Court. If there are no objections, subparagraph (d) of this paragraph is inapplicable. The above notwithstanding, the Parties agree that should any of the conditions set forth in this paragraph occur, the Parties will, within the above-indicated period, meet and confer by telephone in a good-faith attempt to reach agreement on a settlement of this Action.

59.    In addition, Defendant shall have the unilateral right to terminate this Agreement by providing written notice to Plaintiffs' Counsel of its election to do so within ten (10) business days after the Deadline to Opt Out or Object if a total of one percent (1%) of the members of the Settlement Class request exclusion from the Settlement by submitting timely opt-out requests.

60.    Termination of Settlement. If the Settlement is terminated pursuant to Paragraphs 58 or 59 of this Agreement, the Parties will return to the *status quo,* and the Action shall proceed as if this Settlement had never been negotiated. In particular, it is agreed by the Parties that:

(a)    the Settlement proposed herein shall be of no further force and effect;

(b)    the agreements and definitions in this Settlement Agreement concerning the certification of the Settlement Class will not be used as evidence or argument to support class certification or the definition of any class in any further litigation, and Defendant will retain all rights to oppose the certification of any class in any further litigation; and with the exception of Paragraph 71, which shall survive the termination of the Settlement, this Settlement Agreement and all negotiations, proceedings and statements relating thereto, and any amendment thereof, shall be null and void and shall be without prejudice to the Parties or the Released Parties, and each Party and Released Party shall be restored to his, her or its respective  position as it existed prior to the execution of this Settlement Agreement.

61.    <u>Settlement Modification.</u> The Parties may agree by written stipulation of counsel to reasonable modifications of the timetables set forth in this Agreement or to modifications to this Agreement to effectuate the purpose of this Agreement or to conform to guidance from the Court, without the need to formally amend this Agreement.

## IX.    <u>Other Provisions.</u>

62.    <u>No Press Release or Publicity</u>.  The Parties and their counsel agree that they will not issue any press release(s) or other public statement(s) regarding the fact of or discussing the terms set forth in this Settlement Agreement, except that once the Court enters the Preliminary Approval Order, Plaintiffs' counsel may include a statement on their website that they recently obtained a settlement with "a major retailer," but shall not otherwise issue any statements that contain any information that could potentially identity Defendant, its affiliates, or any of Defendant's third party COBRA administrators. The Parties agree that any communications regarding the distribution of the Gross Settlement shall be approved in advance by Defendant.

63.    <u>Non-Disparagement</u>.  The Parties and their counsel shall make no statements to the press, issue no press release, nor make any other public statements describing this Settlement that disparage any Party and/or accuse any Party of wrongdoing.

64.    <u>No Admission of Liability</u>.  The provisions contained in this Settlement Agreement and all negotiations, statements and proceedings in connection therewith shall not be deemed a presumption, a concession or an admission by Defendant or the Released Parties of any fault, liability or wrongdoing as to any fact or claim alleged or asserted in the Action or any other actions or proceedings and shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in this Action or any other actions or proceedings, whether civil, criminal or administrative, except in a proceeding to enforce the terms or conditions

of this Settlement Agreement. Defendant and the Released Parties have denied and continue to deny each and every claim alleged in the Action. Accordingly, neither this Settlement Agreement nor the Settlement itself nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any claim alleged in the Action, or of any wrongdoing or liability or lack thereof of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission or lack thereof of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Parties agree that the Released Parties may offer or introduce as evidence, or file with a court, administrative agency, or other tribunal, the Settlement Agreement or the Final Order, as entered, with respect to any claims or actions that may be brought against them in order to support a defense based on principles of res judicata, collateral estoppel, claim or issue preclusion, release, good-faith settlement, judgment bar or reduction or any other similar defense. The Parties and their counsel, and each of them, further agree, to the extent permitted by law, that all agreements made relating to the confidentiality of information exchanged in the Action shall survive and be unaffected by this Settlement Agreement.

65.   <u>Authority.</u> The signatories below represent that they are fully authorized to enter into this Agreement.  All Settlement Class Members are bound by the signature of the Plaintiffs.

66.   <u>Best Reasonable Efforts and Mutual Full Cooperation.</u> The Parties agree to fully cooperate with one another to accomplish the terms of this Agreement, including, but not limited to, executing such documents and taking such other actions as may be reasonably necessary to implement the terms of this Settlement. The Parties will use their best reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary as

ordered by the Court, or otherwise, to effectuate this Agreement and to secure the Court's approval of the Settlement.

67.     Communications with Settlement Class Members. The Parties and their respective counsel shall not discourage any Settlement Class Member from participating in this Settlement or lobby or encourage any Settlement Class Member to opt out of the Settlement or object to the Settlement.

68.     Binding Effect on Successors and Assigns. This Agreement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

69.     Construction. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arms'-length negotiations between the Parties, and that this Agreement will not be construed in favor of or against any party by reason of the extent to which any party or party's counsel participated in the drafting of this Agreement.

70.     Entire Agreement. This Settlement Agreement and the attached Exhibits, incorporated herein by reference, constitute the entire agreement of the Parties with respect to the subject matter hereof and supersedes all prior negotiations, communications, and agreements between the Parties, and may not be amended, or any of their provisions waived, except by a writing executed by all Parties hereto.  The Parties: (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Settlement Agreement and to exercise their commercially reasonable best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement. The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them, relating to or arising out of, the subject

matter of the Action.  Accordingly, the Parties agree that the terms of the Settlement Agreement represent a good-faith settlement, reached voluntarily based upon adequate information and after consultation with experienced counsel. The Parties also agree Plaintiffs' attorneys' fees and costs were not discussed until all other terms were reached.

71.   <u>Governing Law</u>.  This Settlement Agreement shall be governed by the laws of the State of Florida without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

72.   <u>Venue.</u> The Parties hereby agree that any action brought upon the enforcement of this Agreement shall be commenced or filed in this Court.

73.   <u>Extensions.</u> The Parties may agree, in writing, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of this Settlement Agreement.

74.   <u>Effect of Captions and Headings.</u> Paragraph titles, captions, or headings in this Agreement are inserted as a matter of convenience and for reference purposes only, and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it. Each term of this Agreement is contractual and is not merely a recital.

75.   <u>Notices.</u> Unless otherwise specifically provided in this Agreement, any notices or communications to the Parties relating to this Settlement should be sent to their respective counsel in writing, and will be deemed to have been duly given as of the third business day after mailing by U.S. registered or certified mail, return receipt requested or as of the date of delivery confirmation by Federal Express, United Parcel Service or equivalent express carrier, as follows:

**<u>Plaintiffs' Counsel:</u>**

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Suite 300 Tampa, FL 33602

Chad Andrew Justice
Justice for Justice, P.A.
1205 N. Franklin St. Suite 326
Tampa, FL 33602

**Defendant's Counsel:**

John Christian Nemeth
Joseph Wasserkrug
McDermott Will & Emery LLP
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-4336

76.     <u>Counterparts.</u> This Agreement may be executed in one or more counterparts.  All executed copies of this Agreement and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

77.     <u>Class Signatories</u>. The Parties agree that because the Settlement Class Members are so numerous, it is impossible and impracticable to have each Settlement Class Member execute this Agreement. Therefore, the Notice will advise all Settlement Class Members of the binding nature of the release and will have the same force and effect as if executed by each Class Member.

78.     <u>Authority of Court</u>. The administration and implementation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Release contained in the Agreement.  The Court expressly retains jurisdiction in order to enter such further orders  as may  be  necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

**X.**     <u>**Execution.**</u>

76.     The undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the Effective Date, as defined in this Agreement, and provided that it has been executed by all Parties.

07 / 13 / 2020
_____
DATE

NAMED PLAINTIFF SHAWN RIGNEY

07 / 13 / 2020
_____
DATE

NAMED PLAINTIFF KYLE ADAMS

07/10/2020
_____
DATE

DEFENDANT TARGET CORPORATION