## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SHAWN RIGNEY, Individually and on behalf of all others similarly situated and KYLE ADAMS, Individually and on behalf of all others similarly situated,**

    **Plaintiffs,**

v.                                                      Case No: 8:19-cv-1432-T-35JSS

**TARGET CORPORATION,**

    **Defendant.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Settlement and Supporting Memorandum of Law, (Dkt. 53), and Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs. (Dkt. 54) On August 4, 2020, this Court granted preliminary approval to the proposed Class Action Settlement ("Settlement") set forth in the Plaintiffs' Unopposed Motion for Preliminary Approval of their Class Settlement Agreement (the "Settlement Agreement"). (Dkt. 50) The Court provisionally certified the case for Settlement purposes, approved the procedure for giving Class Notice to the Settlement Class Members, and set a final approval hearing to take place on November 19, 2020. (Id.)

On November 19, 2020, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Named Plaintiffs' Complaint on the merits and with prejudice and against all persons or

entities who are Settlement Class Members; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to the Named Plaintiffs.

The Court finds that the Notice to the Settlement Class as approved by the Court in its Preliminary Approval Order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate. Therefore, it is hereby **ORDERED** as follows:

1. Plaintiffs' Unopposed Motion for Final Approval of Class Settlement and Supporting Memorandum of Law, (Dkt. 53), and Unopposed Motion for Attorneys' Fees and Costs, (Dkt. 54), are **GRANTED**.

2. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

3. The Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and enter this Final Order and Judgment, and the Named Plaintiffs have Article III standing. Without affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

4. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this

litigation (the "Action") and the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in two separate mediations, extensive settlement discussions, and the exchange of discovery, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well-positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

5. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b), as well as Fed. R. Civ. P. 23(e), have been satisfied for settlement purposes only as to each Settlement Class Member.

6. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies, for settlement purposes only, the Settlement Class, as identified in the Settlement Agreement.

7. The Court finds the requirements of the Class Action Fairness Act have been satisfied.

8. The Court appoints attorneys Luis A. Cabassa and Brandon J. Hill of the law firm Wenzel Fenton Cabassa, P.A., and Chad Justice from Justice for Justice, LLC, as class counsel.

9. Further, the Court designates Named Plaintiffs Shawn Rigney and Kyle Adams as the Class Representatives.

10. The Court makes the following findings on Notice to the Settlement class:

(a) The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement:

(i) constituted the best practicable notice under the circumstances to Settlement Class Members;

(ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, and their right to appear at the Final Approval Hearing;

(iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b) The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment:

(i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class Members pursuant to the Final Order and Judgment, and applicable time periods;

(ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

11. The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

12. The Court approves the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

13. The Parties are hereby ordered to implement and consummate the Settlement Agreement according to its terms and provisions.

14. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of one-third of the gross Settlement Fund payable pursuant to the terms of the Settlement Agreement ($533,333.33), plus litigation costs totaling $17,045.52.

15. The Court also awards Service Awards in the amount of $10,000.00 each to Class Representatives Shawn Rigney and Kyle Adams.

16. The terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17. No class members who timely submitted a request for exclusion from the settlement, as identified in the settlement administrator's declaration, are bound by this Order.

18. Without further order of the Court, the Settling Parties may agree to any reasonably necessary extension of time to carry out any of the provisions of the Settlement Agreement.

19. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

20. The Court maintains jurisdiction over this case to enforce the terms and conditions of the Settlement Agreement if needed.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of November 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

6

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

7